AO 91 (Rev. 11/11) Criminal Complaint      AUSA Scott M. Edenfield (312) 353-5277

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION



**FILED**
5-13-2016
MAY 13 2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JONATHAN SMALLEY | CASE NUMBER:<br><br>**16 CR 318**<br><br>MAGISTRATE JUDGE GILBERT |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about April 20, 2016, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United States Code, Section 922(a)(5) | willfully transferred, transported, and delivered any firearm to any person who the defendant knew did not reside in the state in which the defendant resided |

This criminal complaint is based upon these facts:

 X   Continued on the attached sheet.

_____
CRAIG A. FRIES
Special Agent, Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF)

Sworn to before me and signed in my presence.

Date: May 13, 2016

_____
*Judge's signature*

City and state: Chicago, Illinois

JEFFREY T. GILBERT, U.S. Magistrate Judge
*Printed name and Title*

1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS | ss

## AFFIDAVIT

I, Craig Fries, being duly sworn, state as follows:

### Background of Affiant

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since approximately 2014. I am currently assigned to the ATF Chicago Field Division and my responsibilities include the investigation of criminal violations of the federal firearms laws, including Title 18, United States Code, Sections 922 and 924.

### Basis and Purpose of Affidavit

2. The information in this Affidavit is based on interviews of witnesses, review of records, my own observations and actions, information received from other law enforcement agents, my experience and training, and the experience of other agents.

3. This Affidavit is submitted for the limited purpose of establishing that there is probable cause to believe that Jonathan SMALLEY has willfully transferred, transported, and delivered a firearm to a person who the transferor knew did not reside in the state in which the transferor resided, in violation of 18 U.S.C. § 922(a)(3). Because of the limited purpose of this Affidavit, I have not included all of the facts known to me or other law enforcement officers about the investigation.

## Background

4. Telephone subscriber records and commercial databases reflect that SMALLEY resides in Natchez, Mississippi. In addition, I have reviewed cellular telephone records and pen register data for phone number (601) XXX-3603 ("Subject Phone 1") for the period between January 1, 2014, and present. That data indicates that Subject Phone 1, belonging to SMALLEY, as more fully set forth below, has been located in Natchez, Mississippi, for the vast majority of that time. ATF records reflect that SMALLEY does not possess a federal firearms license.

5. When an individual purchases a firearm from a Federal Firearms Licensee ("FFL"), the FFL is required to make and keep certain documentation of the transaction. The records reflect who purchased the firearm, including the purchaser's date of birth, name, and address; and the firearm(s) purchased. When purchasing a firearm, the purchaser is also required to provide identification.

6. Records obtained from various FFLs reflect that between May 18, 2009, and May 12, 2016, SMALLEY purchased a total of thirty-two firearms in the Natchez area. As set forth below, eleven of those firearms were later recovered by law enforcement officers in the Chicago area. Thus, there is probable cause to believe that SMALLEY purchased the firearms in order to transport them to Chicago and resell them to others. FFL records reflect that SMALLEY provided the number associated with Subject Phone 1 at the time that he purchased firearms.

I. Transfer of firearm purchased April 19, 2016

7. FFL records reflect that on or about April 19, 2016, SMALLEY purchased a SCCY CPX277 semi-automatic 9mm handgun from an FFL in Natchez. Based on pen data, Subject Phone 1 was in contact with phone number 773 XXX - 2749 ("Subject Phone 15") a total of 19 times between April 18, 2016, and April 23, 2016. Based upon information obtained through a federal search warrant, on April 19, 2016, Subject Phone 1 sent Subject Phone 15 two pictures of a firearm, the appearance of which was consistent with the one purchased on April 19, 2016.

8. On April 22, 2016, Subject Phone 1 sent Subject Phone 15 two picture messages of United States Postal Service receipts showing shipping information for a package from Washington, Mississippi, to Chicago, Illinois. According to the United States Postal Service, the package was shipped to Chicago, Illinois, on April 20, 2016, and arrived on April 22, 2016.

II. Other firearms transported by Smalley

A. Firearms purchased by SMALLEY

9. Certain of the firearms purchased by SMALLEY in Mississippi and recovered in Chicago are set forth below.

10. FFL records reflect that SMALLEY purchased a firearm in Natchez on May 28, 2011. Chicago Police Department ("CPD") records reflect that, on October 26, 2014, CPD recovered that firearm in Chicago from another individual.

11. FFL records reflect that SMALLEY purchased a firearm in Natchez on March 12, 2014. CPD records reflect that CPD recovered the firearm in Chicago on July 16, 2014, from another individual, who was a convicted felon.

12. FFL records reflect that SMALLEY purchased a firearm in Natchez on March 26, 2014. CPD records reflect that CPD recovered the firearm on January 10, 2015, during the execution of a search warrant in Chicago.

13. FFL records reflect that SMALLEY purchased a firearm in Natchez on March 28, 2014. CPD records reflect that on April 24, 2014, CPD recovered the firearm in Chicago from another individual, who was charged with unauthorized use of a weapon.

14. FFL records reflect that SMALLEY purchased a firearm in Natchez on March 29, 2014. CPD records reflect that CPD recovered the firearm on May 2, 2015. Records from the National Integrated Ballistics Information Network indicate that the gun was used in a homicide that occurred on May 29, 2014, in Chicago as well as a shooting that occurred on June 2, 2014, in Chicago.

15. FFL records reflect that SMALLEY purchased a firearm in Natchez on April 10, 2014. Police reports reflect that, on April 28, 2014, the Illinois State Police recovered the firearm from an abandoned rental car involved in a hit and run in Chicago.

16. FFL records reflect that on May 2, 2014, SMALLEY purchased a handgun from an FFL in Natchez. CPD records reflect that, on or about July 30,

4

2014, an individual was arrested by CPD in Chicago and charged with possessing that firearm.

17. FFL records reflect that on July 9, 2014, SMALLEY purchased a firearm from an FFL in Mississippi. Police records reflect that the firearm was recovered on July 18, 2014, by law enforcement officers from a rental car in South Holland, Illinois.

18. FFL records reflect that on July 19, 2014, SMALLEY purchased a firearm from an FFL in Natchez. CPD records reflect that the firearm was recovered by CPD in Chicago on July 27, 2014, from another individual, who was charged with unlawful possession of a firearm.

19. FFL records reflect that on July 24, 2014, SMALLEY purchased a firearm from an FFL in Natchez. The firearm was recovered in Chicago by CPD on May 26, 2015.

**B. Transport of firearms purchased on or about February 26, 2016**

20. FFL records indicate that SMALLEY purchased four firearms at a Natchez FFL on February 26, 2016: a Ruger 9mm semi-automatic handgun, a Taurus 9mm semi-automatic handgun, a Glock G22 .40 caliber semi-automatic handgun, and a Glock G23 .40 caliber semi-automatic handgun.

21. Telephone records indicate that on February 25, 2016, between 1:43 and 3:52 p.m., Subject Phone 1 exchanged six text messages with 630 XXX-X072 ("Subject Phone 14"). A commercial database reflects that Subject Phone 14 is associated with an individual who lives in Illinois. Records reflect no activity on

Subject Phone 1 between the last of those text messages and a call, eight minutes later, to the FFL from which SMALLEY would later purchase the four firearms. Records reflect no activity on Subject Phone 1 after the call to the FFL until a phone call received by Subject Phone 1 from Subject Phone 14, eight minutes later.

22. Information gathered pursuant to a search warrant reflects that, on February 25, 2016, at approximately 6:09 p.m., Subject Phone 1 received a text message from Subject Phone 14 giving an address in Chicago. In a text message two minutes later, the user of Subject Phone 14 continued, "let me know how long."

23. On February 26, 2016, between 9:11 and 9:17 a.m., Subject Phone 14 and Subject Phone 1 exchanged five text messages. Less than an hour after the last of those messages, Subject Phone 1 placed a call to the FFL from which SMALLEY purchased the four firearms. At approximately 7:20 p.m. on February 26, 2016, Subject Phone 1 received a text from Subject Phone 14 stating, "Turus 40 and ruger 9 [a Taurus .40 caliber and Ruger 9mm] do dat ruger got double trig."

24. At approximately 10:30 a.m. on February 29, 2016, Subject Phone 1 sent a text message to Subject Phone 14 containing a UPS tracking code and stating, "They'll be there toma before 12."

C. **Transport of firearm purchased May 12, 2016**

25. FFL records indicate that SMALLEY purchased a Glock Model 22 .40 caliber semi-automatic firearm in Natchez, Mississippi, on May 12, 2016. On May 13, 2016, I observed SMALLEY at a hotel in Oak Lawn, Illinois. SMALLEY stated

6

that he had a firearm and provided oral consent for agents to seize the firearm. Inside the hotel room, agents located the firearm purchased on May 12, 2016.

## CONCLUSION

26. Based on the foregoing, I submit that there is probable cause to believe that on or about April 20, 2016, Jonathan SMALLEY willfully transferred, transported, and delivered a firearm to a person who the transferor knew did not reside in the state in which the transferor resided, in violation of 18 U.S.C. § 922(a)(3).

Craig Fries
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me
on this 13th day of May, 2016.

JEFFREY T. GILBERT
United States Magistrate Judge